404 Mass. 787                                                    787

Wilczewski v. Commissioner of the Department of Environmental Quality Engineering.

JOHN F. WILCZEWSKI & others[1] vs. COMMISSIONER OF THE
DEPARTMENT OF ENVIRONMENTAL QUALITY ENGINEERING
& another.[2]

Suffolk.    December 7, 1988. — May 2, 1989.

Present: ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Administrative Law*, Exhaustion of remedies. *Jurisdiction*, Administrative
matter. *Wetlands Protection Act. Department of Environmental Quality
Engineering.*

A complaint by residents and taxpayers of a town, seeking judicial review of
action by the Department of Environmental Quality Engineering with
respect to a landowner's notice of intent under G. L. c. 131, § 40, to
fill or alter wetlands, was properly dismissed on the ground that the
plaintiffs had failed to exhaust their administrative remedies, where the
proceedings before the department had not yet culminated in a final
order of conditions following an adjudicatory hearing, as provided in
the department's regulations, and where the department properly claimed
its right to decide, in the first instance, the plaintiffs' challenge to its
jurisdiction over the matter in controversy. [790-794]

CIVIL ACTION commenced in the Superior Court Department
on November 12, 1986.

The case was heard by *James J. Nixon*, J., on a motion for
summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*William A. Hahn* for the plaintiffs.

*Stephen C. Karnas*, Assistant Attorney General, for the
Commissioner of the Department of Environmental Quality
Engineering.

*Thomas James Morrissey* for the intervener.

*Peter Shelley, Sarah R. Newbury & Carla Bregman* for
Conservation Law Foundation of New England, Inc., amicus
curiae, submitted a brief.

[1] Nine other residents and taxpayers of Stoughton.

[2] Goddard Memorial Hospital, intervener.

O'CONNOR, J. The plaintiffs, ten residents and taxpayers of Stoughton, appeal from a decision of a judge of the Superior Court dismissing the plaintiffs' complaint for failure to exhaust administrative remedies. We affirm that decision.

The intervener, Goddard Memorial Hospital (hospital), owns approximately 125 acres of land in Stoughton. On June 13, 1985, the hospital filed a notice of intent to fill or alter wetlands in the course of constructing a roadway through its property (the roadway project). The notice of intent was filed with the Stoughton conservation commission (commission) and the Department of Environmental Quality Engineering (DEQE), pursuant to the Wetlands Protection Act, G. L. c. 131, § 40 (1986 ed.).

On July 5, 1985, the hospital's engineering firm wrote to DEQE for an opinion on the proposed project. DEQE refused to give a "definitive answer in the matter because the law and the regulations give to the [commission] the responsibility for conducting the public hearing and issuing the Order of Conditions." DEQE gave an informal opinion, however, that the proposed roadway would not qualify for an access road pursuant to 310 Code Mass. Regs. § 10.53 (3) (e).[3]

On October 1, 1985, the commission held a public hearing on the notice of intent, and subsequently issued an order of conditions denying the hospital permission to go forward with the roadway project. The commission stated that it was rejecting "this application only, and without prejudice to a refiling by the applicant." The commission also stated that "[t]he applicant could use existing· roads" or "[f]ind an alternative route to avoid the wetlands entirely or require no more than the filling of 5,000 [square feet] or less of vegetative wetlands."

---

[3] The hospital states in its brief that the 1983 wetlands regulations are the regulations applicable to this case. No party contends otherwise, but a determination of this issue is not necessary to our decision. While the regulations have changed since 1983, the regulations cited in this opinion have not been amended in any significant way. Title 310 of the Code Mass. Regs. § 10.53 (3) (e), allows the commission to issue an order of conditions for, among other things, "[t]he construction and maintenance of a new roadway or driveway . . . where reasonable alternative means of access from a public way to an upland area of the same owner is unavailable."

The hospital filed a request for a superseding order of conditions with DEQE. DEQE held an on-site meeting with members of the commission, hospital officials, and resident abutters. The hospital then requested that DEQE suspend processing of its request for the superseding order of conditions pending the hospital's preparation of "more detailed data which explains the effect of the proposal and which demonstrates that it advances the interests of the Wetlands Protection Act." However, the commission requested that DEQE go forward with its proceedings despite the hospital's request, stating that "if more information is to be forthcoming [then] it should take the route of an adjudicatory hearing as specified in [§ 10.05 (7) (j)] of the regulations." The record does not reflect whether DEQE ruled on these requests, but it appears that no further activity took place for nine months.

In late August, 1986, the hospital's engineers met with DEQE at the site. Other parties were not invited to attend. The hospital's engineers then sent a letter to DEQE requesting that DEQE enter a superseding order of conditions allowing the roadway project. The letter indicated that proposed revisions in the original plans were being developed which would reduce the amount of wetlands affected. Three of the plaintiffs wrote to DEQE in opposition to the hospital's request, stating that the commission and other interested parties "should have been invited to participate in the meeting and field inspection . . . held at the site" in late August. They objected that the hospital was submitting an entirely new set of documents without local participation. At the request of a DEQE engineer, the hospital's engineers filed with DEQE a revised plan for the roadway project, which would have impact upon only 3,700 square feet of wetlands. DEQE then scheduled an on-site meeting "for all concerned parties so that [DEQE could] properly evaluate the situation and issue an appropriate Superseding Order of Conditions." That meeting was held on November 13, 1986.

On December 2, 1986, the commission wrote to DEQE requesting that DEQE send the hospital's request for the superseding order of conditions back to the local commission to be

refiled as a new project. DEQE responded to the commission's letter as follows: "It is the policy of the Wetlands Division to not require the refiling of a plan modification when the revised project is of the same type and where the project['s] impact to the wetlands and environment is the same or lessened . . . . The Department has, therefore, determined that a refiling for this project is not required." DEQE stated that it would remand the case to the commission "for the purpose of setting up a public hearing to gather comments on the roadway realignment." DEQE also stated that it would consider the commission's "comments and recommendations concerning the proposed realignment" in writing the superseding order of conditions. The commission notified DEQE that it had not changed its position that the roadway project should be refiled with the commission as a new project. It did not otherwise accept DEQE's offer relative to remand. In March, 1987, DEQE notified the hospital that the revised plan for the roadway project "could be potentially approvable under the performance standards of 310 [Code Mass. Regs. § ] 10.55 (4)," but that additional information was required. DEQE has taken no further action.

The complaint in this case was filed in the Superior Court on November 12, 1986. The plaintiffs sought preliminary injunctive relief, which was denied. Also, in the complaint, the plaintiffs requested that the defendant commissioner and DEQE be ordered "to instruct the hospital that the proper procedure is to file the new plan with the commission for initial review." Lastly, the plaintiffs requested a declaration that "DEQE's proceedings under the new plan violate the Wetlands Protection Act and DEQE's regulations thereunder, and DEQE lacks jurisdiction to proceed under the new plan." The defendants' answers to the plaintiffs' complaint set forth a number of defenses including an alleged lack of subject matter jurisdiction in the court.

All parties moved for summary judgment, and, after a hearing, a judge ordered that "summary judgment enter for defendants on the basis that the Court lacks jurisdiction over this case." We transferred the case to this court on our own motion.

We treat the order as an order for dismissal on the ground of failure to exhaust administrative remedies. We agree with the judge's reasoning.

The administrative scheme of relief available to the plaintiffs is as follows. The Wetlands Protection Act, G. L. c. 131, § 40, provides that no person may interfere with wetlands without filing a notice of intention to do so with the local conservation commission. The statute structures a system of . review by the commission and DEQE designed to promote protection of the following interests: the public and private water supply, the groundwater supply, flood control, storm damage prevention, prevention of pollution, protection of land containing shellfish, protection of wildlife habitat and fisheries. The Legislature empowered the commissioner of DEQE to promulgate rules and regulations to effectuate the purposes of the act. Under those regulations, after the local commission receives a notice of intent, it has twenty-one days to hold a public hearing. 310 Code Mass. Regs. § 10.05 (5). The commission then has twenty-one days in which to determine whether the project proposed is "significant to one or more of the interests" described in the statute, and issue an order of conditions to insure that the project complies with performance standards set out in the wetlands regulations. 310 Code Mass. Regs. § 10.05 (6). The commission's order of conditions must prohibit projects which cannot be conditioned to meet the performance standards in the regulations. The commission may also prohibit the work if it finds that the information submitted is not sufficient to describe the site, the work, or the effect of the work on the protected interests. 310 Code Mass. Regs. § 10.05 (6) (c).

After the commission issues an order of conditions conditioning or prohibiting the work, G. L. c. 131, § 40, Thirteenth par., and 310 Code Mass. Regs. § 10.05 (7) (a), specify various parties who may request that DEQE issue an order of conditions which supersedes the prior order of the commission. Those parties include ten residents of the city or town where the land is located, such as the plaintiffs here. DEQE must then conduct an informal meeting, including an on-site inspection, at which

all parties may present "any information necessary or useful to a proper and complete review of the proposed activity." 310 Code Mass. Regs. § 10.05 (7) (i). DEQE may then issue a superseding order of conditions. At this point, the same parties who were entitled to request a superseding order, such as the plaintiffs' group, "whether or not previously a participant in the proceedings," may request an adjudicatory hearing. 310 Code Mass. Regs. § 10.05 (7) (j). Once DEQE has issued its final order following an adjudicatory hearing, the administrative process is exhausted and any person still aggrieved by the agency's final order is then entitled to judicial review under G. L. c. 30A, § 14.

"We have long followed the rule that '[i]n the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts.' *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 448 (1973), quoting *Gordon* v. *Hardware Mut. Casualty Co.*, 361 Mass. 582, 587 (1972), and cases cited. 'To permit judicial interference with the orderly administration by the [board] of matters entrusted to it by the Legislature before it has commenced to exercise its authority in any particular case or before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to the [board], and would result in the substitution of the judgment of the court for that of the [board]. Courts must be careful not to invade the province of an administrative board. The instances are rare where circumstances will require such interference.' *Saint Luke's Hosp.* v. *Labor Relations Comm'n*, 320 Mass. 467, 470 (1946)." *Gill* v. *Board of Registration of Psychologists*, 399 Mass. 724, 726 (1987). This doctrine applies to an action under G. L. c. 30, § 14, resort to which by its express terms is only available after "a final decision of any agency in an adjudicatory proceeding." The doctrine also applies when an action is brought for declaratory judgment under G. L. c. 231A. *Gill* v. *Board of Registration of Psychologists*, *supra* at 728-729. These are the two statutes under which the plaintiffs claim a right to relief.

It is clear from our summary of the scheme of relief under G. L. c. 131, § 40, that, if DEQE were to issue an order of conditions superseding the commission's order, the plaintiffs would then have a right to request an adjudicatory hearing. 310 Code Mass. Regs. § 10.05 (7) (j). DEQE's final order following such a hearing would complete the administrative process, and then, if the plaintiffs should be aggrieved by the order, they would be entitled to judicial review. But, DEQE has not yet issued a superseding order triggering the plaintiffs' right to request an adjudicatory hearing. The plaintiffs' action, therefore, is premature. The court could not appropriately entertain it.

Relying on *Saint Luke's Hosp.* v. *Labor Relations Comm'n*, 320 Mass. 467, 470 (1946), the plaintiffs argue that they are excused from the exhaustion requirement on the ground that their claim is that DEQE lacks jurisdiction to consider the new plans. In the unique circumstances of the *Saint Luke's Hosp.* case, we held that the Superior Court properly entertained a declaratory judgment action commenced in the midst of administrative proceedings. We said: "Where an administrative board is created by or is acting under a statute that is violative of the Federal or a State Constitution, or where the board is dealing with a matter that is clearly beyond the scope of its authority, then one may challenge the jurisdiction of the board by invoking the aid of the courts and need not wait until the board has made a final order. Here again a word of caution is necessary. Where the contention is that the board is acting beyond its jurisdiction, the board should have an opportunity to ascertain the facts and decide the question for itself; but if it appears that the commission, instead of insisting upon its rights to determine its jurisdiction, submits to the court all the facts material to the question, leaving open only the question of law whether on those facts it has the power to entertain the proceedings, and that the facts thus disclosed clearly establish the lack of jurisdiction, we think that a citizen should not be compelled in such circumstances to participate in further proceedings before the commission and that the court may, if necessary, restrain any further action by the commission." *Id*. at 470-471.

The present case does not come within *Saint Luke's Hosp.*'s narrow exception to the requirement of exhaustion of administrative remedies. There is no contention that G. L. c. 131, § 40, is unconstitutional. Furthermore, the environmental issues raised by this controversy are not "clearly beyond the scope of [DEQE's] authority," and, unlike the labor relations commission in *Saint Luke's Hosp.*, the agency here claims its right to determine its own jurisdiction in the first instance. We conclude, therefore, that the judge correctly dismissed the complaint on the ground that the administrative process is not yet complete. The judgment dismissing the complaint is affirmed.

*So ordered.*