DAVID J. HOGARTH vs. SHERIFF OF SUFFOLK COUNTY. No. 90-P-28. December 24, 1990. *Public Employment*, Termination. *Sheriff. County*, Correctional facilities, Employees. *Statute*, Construction.

This appeal raises the question whether an at-will employee of the sheriff of Suffolk County has a right to a pretermination hearing under G. L. c. 35. The answer is found in §§ 51 & 49 of G. L. c. 35. Section 51 gives certain county employees a right to a hearing before the appointing authority prior to discharge,[1] and § 49 excludes certain positions from the operation of § 51.

The first sentence of § 49 (as appearing in St. 1978, c. 478, § 28) which relates to exclusion from the relevant provisions of § 51, reads:

> "*Every office and position* the salary of which is wholly payable from the treasury of one or more counties, or from funds administered by and through county officials, *excluding* the offices of county commissioners, the register of deeds and the assistant registers of deeds for the county of Suffolk, *the sheriff of the county of Suffolk*, and excluding offices and positions filled by appointment of the governor. . . and offices and positions payable under chapter twenty-nine A, *shall be classified by the board* in the manner provided by sections forty-eight to fifty-six, inclusive, *and every such office* and position, now existing or hereafter established, *shall be allocated by the board to its proper place in such classification*" (emphasis supplied).

If the reference to the sheriff of the county of Suffolk in this section of the statute is interpreted narrowly, as argued by the employee, then the section excludes only the sheriff himself, and the employee is entitled to a pretermination hearing. If interpreted broadly, as argued by the sheriff, then it includes the sheriff as well as his staff. We interpret the phrase

---

[1] General Laws c. 35, § 51, as amended through St. 1978, c. 478, § 29, states, in pertinent part:

"*Any employee subject to sections forty-eight to fifty-six, inclusive, except* superintendent and assistant superintendent of hospital, the chief of medical staff and the administrator at the Barnstable county hospital, superintendent and assistant superintendent of training school, superintendent and assistant superintendent of buildings, superintendent of industrial farm, superintendent of state reservation, director of agricultural school, director of extension service, master and keeper and assistant master and keeper of jail and house of correction, assistant registers of deeds, county health officer, county engineer and county dog officer, who has completed at least five years of service may not be discharged from such employment except for just cause and for reasons specifically given him in writing by the appointing authority. *Before any such discharge is effected, the employee shall be given a full hearing before the appointing authority*, of which hearing he shall have at least three days' written notice, exclusive of Sundays and holidays, from the appointing authority" (emphasis supplied).

narrowly, to include only the sheriff of Suffolk County. We hold, therefore, that the employee is entitled to a pretermination hearing.

The material facts are not in dispute. The plaintiff, David C. Hogarth, was the Protestant chaplain at the Charles Street jail for twenty years, serving as an employee at will of the sheriff of Suffolk County. In October, 1988, he received a letter from the sheriff, which stated that Hogarth was being discharged for cause. Hogarth requested a pretermination hearing, but the sheriff denied the request. Hogarth then brought this action in the Superior Court seeking a declaration that G. L. c. 35, § 51, entitles him to a pretermination hearing. On cross motions for summary judgment, the judge allowed the sheriff's motion, concluding that, as matter of law, staff members of the office of the sheriff of Suffolk County are excluded from those employee positions which have hearing rights under G. L. c. 35, § 51.[2]

Under the third paragraph of § 51, which provides the entitlement and procedure for a pretermination hearing for county employees, all county employees have the right to a hearing before discharge, whether they are employees at will or not,[3] if they (1) are subject to §§ 48-56; (2) have completed at least five years of service; and (3) do not hold a position among those expressly excluded from the right to a hearing in § 51. The plaintiff meets all the requirements of § 51.

The § 49 exclusions affect employees whose salaries are paid from the county treasury. Its legislative history[4] supports our conclusion that "office[] . . . of the sheriff of the county of Suffolk" should be interpreted to refer only to the sheriff as an individual. So, too, do the words of the stat-

---

[2]Both parties agree that St. 1960, c. 135, a special act providing tenure rights to specific positions at the Charles Street jail, is not applicable. The position of "chaplain" is not among those listed.

[3]No distinction is made in c. 35, §§ 48-56, between at-will and permanent employees. Thus, the plaintiff is an "employee" for the purposes of § 51. Section 51A, as appearing in St. 1957, c. 621, § 1, defines *employee* as "employee or officer, unless the latter is otherwise specifically exempted."

[4]Sections 48-56 of G. L. c. 35 were originally inserted in 1930 to bring "about uniformity and order among county positions and salaries." *Dolan* v. *County of Suffolk*, 310 Mass. 318, 322 (1941). Section 49 provided that certain employees were to be exempt from having their salaries set by the county personnel board. Subsequent amendments were enacted to alter the salaries of individual employees. See, e.g., St. 1948, c. 664, entitled as "An Act relative to the salaries of the register of deeds and assistant registers of deeds for suffolk county . . . ."

General Laws c. 35, § 49, was further amended by St. 1966, c. 463, § 1, to insert "the sheriff of the county of Suffolk" among the offices and positions excluded from classification and allocation by the board. The purpose of this act is illuminated by its caption, "An Act increasing the salary of *the* sheriff of Suffolk County . . ." and § 2 of its text, "[t]he salary of *the* sheriff of the county of Suffolk shall be thirteen thousand dollars" (emphasis supplied), was to raise only the sheriff's salary, not the salaries of his employees. We read these amendments as intended to increase the salaries of individual positions, and to effect that purpose by excluding those positions from the operation of G. L. c. 35, §§ 48-56.

ute. "It is a fundamental principle of statutory construction that in interpreting any particular provision it should be construed as part of the statute as a consistent whole." *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42, 51 (1983). *Chelmsford Trailer Park, Inc.* v. *Chelmsford*, 393 Mass. 186, 197 (1984). Section 49 lists the offices of "county commissioners, the register of deeds and the assistant registers of deeds for the county of Suffolk, [and] the sheriff of the county of Suffolk" as excluded. In applying plain meaning to these words, see G. L. c. 4, § 6, Third, we think the listing of "register of deeds" and "assistant registers of deeds" is significant. If "office" is interpreted to include the staff and employees of the entities listed, then the Legislature would not have included both the "register of deeds" and the "assistant registers of deeds." For the mention of "assistant registers of deeds" to have its own significance, the words must be viewed as referring to a category distinct from that of "register of deeds". It is noteworthy that the language, "the register of deeds and the assistant registers of deeds," immediately precedes the phrase "sheriff of the county of Suffolk." We view this legislative choice of language and ordering as persuasive indication that the entities listed after the words "excluding the offices" are to be read as referring to individual officers.

The judgment is, therefore, reversed, and a new judgment is to enter declaring that Hogarth is entitled to a pretermination hearing.

*So ordered.*

*Galen Gilbert* for the plaintiff.
*Elizabeth J. Maillett* (*Paul E. Stanzler* with her) for the defendant.