Brassard, J.
This is a declaratory action involving the adjudication of allegations regarding the plaintiff, James B. Triplett (“Triplett”), before the defendant, the Commonwealth of Massachusetts State Ethics Commission (“Commission”). Triplett challenges the Commission’s July 19, 1995 order denying Triplett’s request for the production of the Commission’s preliminary inquiry report. Triplett seeks a declaration that he has a right to discovery of the report prior to the adjudicatory hearing. The Commission now moves pursuant to Mass.R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss Triplett’s complaint on the grounds that the complaint is improper because Triplett has failed to exhaust his adminstrative remedies before resorting to the courts, or in the alternative, that it fails to state a claim upon which relief can be granted. Triplett moves for summary judgment on the grounds that there are no disputed facts and he is entitled to judgment as a matter of law. For the following reasons, the Commission’s motion to dismiss is ALLOWED and Triplett’s motion for summary judgment is DENIED.
BACKGROUND
Triplett is the Chief of Police of the Town of Oxford and is an attorney admitted to the bar of Massachusetts. The State Ethics Commission is an agency of the Commonwealth charged with both investigating and adjudicating alleged violations of G.L.c. 268A. On January 19, 1995 the Commission issued an order to show cause alleging Triplett violated G.L.c. 268A, the state conflict of interest law. The decision to issue an order to show cause was based in part on the preliminary inquiry report. The preliminary inquiry report is written by the Commission’s prosecuting attorney. The report contains a summary of the allegations against Triplett, facts uncovered during the Commission’s investigation, the prosecutor’s legal analysis and recommendations as to which allegations, if any, should form the basis for an order to show cause.
Commissioner Nonnie Burnes (“Burnes”) was named the hearing officer for the adjudicatory proceedings regarding the order to show cause against Triplett. Previously, Burnes participated in the Commission’s decision to issue the order to show cause.
The adjudicatory hearing was originally scheduled for July 31, 1995 but is now scheduled to take place on February 8, 1996.
In preparing to defend himself against these charges, Triplett requested production of the preliminary inquiry report. Triplett argued that production of the document is necessary to protect his due process rights both because it potentially contains information which could aid in his defense and because it is an ex parte communication which could potentially prejudice the hearing officer. Triplett contends that disclosure of the document to the hearing officer constitutes a waiver of any work product priviledge. Triplett further argues that he is entitled to examine the factual assertions, if not the mental impressions, contained in the report. On July 19, 1995, the hearing officer denied Triplett’s request on the basis that the report was privileged under the work-product doctrine and exposure to it did not prejudice her.
On July 28, 1995 an injunction was granted by the Superior Court enjoining the Commission from conducting the adjudicatoiy hearing until a copy of the preliminary inquiry report was given to Triplett. That injunction was vacated by the Appeals Court on August 9, 1995.
DISCUSSION
This court is troubled by the invocation of the work product doctrine to bar discovery of a document that has been shown to the hearing officer. This court is sensitive to the fact that the Commission needs to be able to communicate with its members freely and that this communication could be hampered by disclosure *704 of internal materials to the subject of its investigation. However, the dual function of the Commission in conjunction with its ruling in this case denying Triplett access to the preliminary inquiry report creates a situation in which the hearing officer has been exposed to extraneous information regarding Triplett to which Triplett is not privy. Craven v. State Ethics Commission, 390 Mass. 191, 198 (1983), established that‘‘[t]he mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness of [an agency’s] members at a later adversary hearing. Without a showing to the contrary, state administrators ‘are assumed to be [peoplel of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.’ ” 390 Mass. at 198 (quoting Withrow v. Larkin, 421 U.S. 35, 55 (1972)). However, in Withrow, the Supreme Court noted that notwithstanding the presumption of impartialily, “(the Court] should be alert to the possibilities of bias that may lurk in the way particular procedures actually work in practice.” 421 U.S. at 55. The Court found that the processes utilized by the board in that case did not contain an unacceptable risk of bias in part because the accused and his counsel were permitted to be present throughout the investigative proceedings. Id. at 55-56. Here, the Commission did not allow Triplett access to the investigatory information to which the hearing officer has been exposed. Without this information, Triplett may be unable to test or challenge effectively the presumption that the hearing officer will not be improperly influenced by extraneous information she learned through the investigative process.
The resolution of this issue must necessarily balance the due process rights of Triplett and the ability of the Commission to function given its dual tasks of investigation and adjudication. However, this court declines to decide this issue because it is not properly before this court. Triplett’s complaint in Superior Court is premature because the proceedings before the Commission are ongoing.
The legislature has empowered this court with the authority to review “final” decisions of the Commission. G.L.c. 268B, §4(k). The July 19, 1995 order of the hearing officer denying Triplett’s request to compel production of the preliminary inquiry report is an interlocutory order. That order does not constitute a final decision of the Commission.
“]A]bsent special authorization, such interlocutory rulings or decisions cannot be presented piecemeal to this court for appellate review. They may be presented only as a part of the ultimate appellate review available on completion of proceedings in the trial court.” Giaccobbe v. First Coolidge Corp, 367 Mass. 309, 312 (1975).
“In the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts.” Gordon v. Hardware Mutual Casualty Co., 361 Mass. 582, 587 (1972). This policy reflects “a sound principle of law and jurisprudence aimed at preserving the integrity of both administrative and judicial processes.” Assuncaco’s Case, 372 Mass. 6, 8 (1977). See also McKenney v. Commission on Judicial Conduct, 380 Mass. 263, 266-67 (1980). Review of an interlocutory agency decision before the administrative process is exhausted leads to piecemeal review of the administrative proceedings, hampers the Commission’s ability to render an expeditious decision, and invades the province of the Commission. Gill v. Board of Registration of Psychologists, 399 Mass. 724, 727 (1987); McKenney, 380 Mass. at 267; St. Luke’s Hospital v. Labor Relations Comm., 320 Mass. 467, 470 (1946).
In this case, Triplett asks this court to review the Commission’s decision not to produce the preliminary report before the Commission has had the opportunity to conduct its hearing. If the hearing officer decides in favor of Triplett after the adjudicatory hearing, any constitutional issues asserted by Triplett in this suit will be rendered moot. See Samuels Pharmacy, Inc. v. Board of Registration in Pharmacy, 390 Mass. 583, 590 (1983). “The rationale against interlocutory review is particularly cogent when . .. the party seeking declaratory relief has access to additional administrative procedures which may correct or render moot any alleged error.” McKenney v. Commission on Judicial Conduct, 380 Mass. 263, 266 (1980) (internal quotations omitted).
There exist no special circumstances which demand that this court depart from its usual practice of reviewing only final, and not interlocutory, decrees. See Wilczewski v. Commisioner of the Department of Environmental Quality Engineering, 404 Mass. 787, 792-94 (1989). Triplett does not raise any unresolved issue of broad public importance. Triplett admits that he does not challenge the constitutionality of the Commission’s dual functions of investigation and adjudication. See Craven, 390 Mass. at 198 (upholding the constitutionality of the Commission’s dual function). Triplett does not challenge the Commission’s authority to conduct the adjudicatory hearing. Id. Triplett’s claim is limited to the propriety of the hearing officer’s discovery order denying him access to the preliminary inquiry report in this case. This issue does not have broad public impact and is more appropriately the subject of an appeal pursuant to G.L.c. 30A, §14 if and when the Commission finds against Triplett on the merits of his case. See Samuels, 390 Mass. at 587. At that time, the court reviewing the discovery order and any alleged biases of the hearing officer will have the benefit of a fully developed record.[1]
ORDER
It is hereby ORDERED that defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) be ALLOWED and plaintiffs motion for summary judgment pursuant to Mass.R.Civ.P. 56 be DENIED.

Though the preliminary inquiry report will not become a part of the record, under G.L.c. 30A, §14(5) the court could hear additional evidence to support Triplett’s allegations of bias. Such evidence may include the preliminary inquiry report.