FREDERICK PUORRO *vs.* COMMONWEALTH & another.[1]

No. 00-P-1423.

Suffolk. December 16, 2002. - August 26, 2003.

Present: CYPHER, KANTROWITZ, & COWIN, JJ.

*Sheriff. County,* Correction facilities, Employees. *Public Employment,* Termination. *Administrative Law,* Exhaustion of remedies. *Practice, Civil,* Declaratory proceeding.

A declaratory action alleging that the plaintiff's discharge from his position as a deputy sheriff took place without providing him certain procedural protections to which he was entitled under G. L. c. 35, § 51, was barred by his failure to follow the prescribed administrative process created by the Legislature as a vehicle for resolving disputes of this nature. [63-67]

CIVIL ACTION commenced in the Superior Court Department on November 10, 1997.

Motions to dismiss and for summary judgment were heard by *Barbara J. Rouse,* J.

*Christopher R. O'Hara* for the plaintiff.

*Salvatore M. Giorlandino,* Assistant Attorney General (*Edward M. Burns* with him) for the Commonwealth.

COWIN, J. The plaintiff was discharged from his position as a deputy sheriff of Middlesex County on August 12, 1997. He thereafter commenced an action for declaratory judgment alleging that the discharge took place without providing him certain procedural protections to which he was entitled under G. L. c. 35, § 51, and praying for reinstatement and accrued compensation and benefits. The defendants' motion to dismiss for lack of jurisdiction over the subject matter, see Mass.R. Civ.P. 12(b)(1), 365 Mass. 754 (1974), was denied. On cross motions for summary judgment, a judge of the Superior Court allowed the plaintiff's motion in part and denied the defendants'

[1]Sheriff of Middlesex County.

motion. While determining that the plaintiff's proposition that he had unlawfully been deprived of procedural safeguards to which he was entitled as a tenured employee was correct, the judge denied the relief sought, choosing instead to order the defendants "to provide forthwith the plaintiff with written reasons for his discharge in August, 1997, as chief deputy sheriff, to accord him a full hearing with at least three days' notice, to thereafter give the plaintiff a written notice of decision, supported in full by specific reasons, and to otherwise comply with G. L. c. 35, § 51."[2] The plaintiff's motion to alter or amend judgment was denied, and both parties appealed.

We assume, without deciding, that the plaintiff was an employee subject to those provisions of G. L. c. 35 governing the classification of county employees and that, at the time of his discharge, he had completed at least five years of service. See G. L. c. 35, § 51. Our resort to this assumption is not an indication that the question whether the plaintiff has rights under § 51 is an easy one. As demonstrated by the efforts of the parties, as well as the thoughtful analysis of the motion judge, the byzantine peculiarities of the statutory classification system yield no clear or simple answer, particularly given the unusual facts attendant upon the plaintiff's county service. We choose not to struggle with the issue because we conclude, in any event, that the existence of a prescribed administrative and judicial process for adjudicating the plaintiff's complaint, which he did not follow, deprived the Superior Court of authority to adjudicate the case at this stage. Accordingly, we reverse and order dismissal of the complaint.

1. *Material facts.* The underlying facts are not disputed. From September, 1990, to April, 1996, the sheriff of Middlesex County performed his civil process functions by means of a contract with a private corporation, Middlesex Deputy Sheriffs, Inc. (corporation). In September, 1990, the plaintiff entered the employment of the corporation on a part-time basis. At the

---

[2]The judge denied the relief sought by the plaintiff because she concluded that the sheriff's determination that the plaintiff was not a tenured, classified employee entitled to the protection of § 51 was arrived at in good faith and because the administrative process should be followed to its conclusion and result in a determination whether there was just cause for the plaintiff's discharge.

same time, a predecessor of the defendant sheriff in the present case appointed the plaintiff as a deputy sheriff for service of civil process.[3]

Between 1990 and 1992, the plaintiff performed civil process duties part-time, with his compensation therefor being paid by the corporation. In 1992, the plaintiff and a business partner purchased forty-nine percent of the corporation's stock, at which time the plaintiff began working full-time for the corporation. In 1993, the plaintiff and his partner purchased the remainder of the corporation's stock. In April, 1996, the defendant sheriff's predecessor transferred civil process duties from the corporation to his own office and, in connection with this transfer, acquired for the Middlesex county sheriff's office all of the assets of the corporation. At about the same time, he appointed the plaintiff chief deputy sheriff, with the plaintiff's compensation from this time forward being paid by the sheriff's office.

On July 11, 1997, the Legislature abolished Middlesex County government, see G. L. c. 34B, § 1, and transferred all of its functions, including those of the sheriff, to the Commonwealth. Employees affected by the transfer retained all of the employee protection they had previously enjoyed, including rights under G. L. c. 35, § 51. See G. L. c. 34B, §§ 14, 15. On August 12, 1997, the defendant sheriff discharged the plaintiff.[4] Because the sheriff deemed the plaintiff ineligible for the protection of G. L. c. 35, § 51, he did not provide the plaintiff with prior notice, an opportunity for a hearing, or a statement of reasons demonstrating just cause for the discharge. The plaintiff's action for declaratory judgment followed shortly thereafter.

2. *Discussion.* General Laws c. 35, §§ 49-56, set forth a comprehensive scheme by which certain defined employees are "classified." With some exceptions enumerated in § 51, classified employees who have completed five years of service are entitled to certain specified rights and procedures before they

---

[3]That appointment was presumably required in order to confer upon the plaintiff the legal status necessary to make valid service of process, a status that would not be created merely by employment by the corporation.

[4]The position of chief deputy sheriff that had been occupied by the plaintiff, one of two such positions, was also abolished.

may be discharged. See *Hogarth* v. *Sheriff of Suffolk County*, 29 Mass. App. Ct. 1009, 1010 (1990). Those rights include notice, a hearing, and a written statement of reasons for the action. See G. L. c. 35, § 51. As we have indicated, we pass the question whether the plaintiff was protected by § 51, assuming for the purpose of this decision that he was.

As a general rule, parties are required to resort to available administrative remedies before they may seek judicial relief. See *Luchini* v. *Commissioner of Rev.*, 436 Mass. 403, 404-405 (2002). It matters little in the present case whether we view this as an application of the doctrine of primary jurisdiction (administrative proceedings not yet commenced) or an application of the doctrine of exhaustion of administrative remedies (administrative proceedings commenced but not completed). See *Leahy* v. *Local 1526, Am. Fedn. of State, County, & Mun. Employees*, 399 Mass. 341, 345 n.3 (1987). The result is the same. Where the Legislature has provided an administrative process for the resolution of disputes in the first instance, the courts must respect that choice. That is so because "[t]o permit judicial interference with the orderly administration by the [board] of matters entrusted to it by the Legislature before it has commenced to exercise its authority in any particular case or before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to the [board], and would result in the substitution of the judgment of the court for that of the [board]." *Wilczewski* v. *Commissioner of the Dept. of Envtl. Quality Engr.*, 404 Mass. 787, 792 (1989), quoting from *Gill* v. *Board of Registration of Psychologists*, 399 Mass. 724, 726 (1987). The principle applies to a complaint for declaratory relief. *Gill, supra* at 728-729.

The question here is whether, when the plaintiff was discharged, there existed an available avenue of administrative review to which he could have had recourse. The motion judge concluded that the statutory process providing for review by the county personnel board,[5] and ultimately by the District Court, could only be triggered by a decision of the appointing author-

---

[5]The county personnel board no longer exists as a result of the legislative abolition of certain county governments. However, at the time of the plaintiff's

ity rendered after a hearing. Given that the sheriff attempted to discharge the plaintiff without notice, a hearing, or a statement of reasons, the judge ruled that there was nothing on which the administrative process could operate either before the personnel board or in the District Court. Thus, she reasoned, there was no available administrative process to which to defer or to exhaust, and the plaintiff was entitled to seek relief in the Superior Court. We conclude that the administrative process created by the Legislature as a vehicle for resolving disputes of this nature may not be frustrated so easily and that the plaintiff's declaratory judgment action is barred by his failure to follow the legislatively prescribed procedures.

With certain exceptions, "[a]ny employee subject to sections forty-eight to fifty-six [of chapter thirty-five]. . . who has completed at least five years of service may not be discharged from such employment except for just cause and for reasons specifically given him in writing by the appointing authority." G. L. c. 35, § 51, as amended through St. 1978, c. 478, § 29. The employee is entitled to "a full hearing before the appointing authority," with written notice thereof, together with speedy written notice of the appointing authority's decision, "stating fully and specifically the reasons therefor." *Ibid.* These procedures must be completed "[b]efore any such discharge is effected." *Ibid.* If discharged, the employee may proceed to the county personnel board, which affirms the action of the appointing authority if that action was justified, or reverses the action and restores the employee to his position without loss of compensation. *Ibid.* If still aggrieved after action by the personnel board, the employee may petition the District Court, which "shall hear witnesses, review such action, and determine whether or not upon all the evidence such action was justified." *Ibid.* Thus, the Legislature has conferred upon certain defined employees tenure rights that they would not have enjoyed absent the statute, together with an administrative procedure, culminating in a petition for judicial review, by which such rights may be vindicated.

Here, the sheriff concluded that the plaintiff was not governed

---

discharge, the board was in place and had full legal authority under the relevant classification provisions.

by the statutes at issue, possessed no tenure rights, and consequently could be discharged at the will of the appointing authority without adherence to the requirements of G. L. c. 35, § 51.[6] Being aggrieved by the discharge, as well as by the sheriff's determination that the discharge could be effected without fulfilling the procedural requirements of § 51, the plaintiff could have, and should have, sought relief from the personnel board. The discharge triggered the plaintiff's administrative right to review of the appointing authority's decision, and the Legislature has directed that the review take place in the first instance before the personnel board.

That the sheriff may have deprived the plaintiff of certain procedural protections does not permit abandonment of the administrative scheme. The personnel board was fully capable of correcting any error that may have been made. In this regard, we see no difference between this case, in which the discharge was accompanied by none of the process required by § 51, and a case in which an appointing authority provides the employee with notice and a hearing, then renders a written decision concluding that the employee had no tenure rights and could be discharged at will. In either event, the board would have been able to rule on the issue and to grant whatever relief was appropriate. Indeed, given the complexity of the subject matter, it is understandable that the Legislature would choose to delegate initial authority over these questions to an experienced administrative agency. That choice must be honored.[7]

We do not view this case as one appropriate for suspension of the requirement that administrative remedies be exhausted

---

[6]The motion judge deemed this to be a decision arrived at in good faith by the appointing authority, although she ultimately ruled that the sheriff's view of the plaintiff's rights was erroneous.

[7]Because we conclude that the plaintiff had an adequate remedy under G. L. c. 35, § 51, we do not address the possibility that he might also have had standing to seek review under G. L. c. 35, § 52, at least with respect to his allegation that he had been deprived of procedural rights guaranteed by § 51. ("Any person aggrieved by the allocation or classification of his office or position *or by any other action or by any failure to act,* under any provision of sections forty-eight to fifty-five, inclusive, may appeal in writing to the board" [emphasis supplied]. G. L. c. 35, § 52, as appearing in St. 1938, c. 73, § 1.) See *Johnson* v. *District Attorney for the N. Dist.,* 342 Mass. 212, 214 (1961).

before resort to the courts. The subject matter was wholly within the scope of the personnel board's authority, and the constitutionality of the Legislature's delegation to that agency is not at issue. See *Wilczewski* v. *Commissioner of the Dept. of Envtl. Quality Engr., supra* at 793. The administrative remedy was not "seriously inadequate," nor is this a controversy so novel, recurrent, or affecting the public interest, see *Space Bldg. Corp.* v. *Commissioner of Rev.*, 413 Mass. 445, 448 (1992), that a court could properly exercise discretion to bypass the administrative requirements. Furthermore, apart from her view that the administrative process was rendered inadequate by the sheriff's failure to comply with the provisions of § 51, the motion judge did not rule on the basis of any of these considerations.

Strong policies support judicial deferral to the primary jurisdiction of the agency in cases of this nature. Indeed, there is no choice in the matter, because the Legislature has determined that the courts are not to adjudicate with respect to the subject matter in the first instance. The agency "can bring consistency to decisions, and in many cases may have relevant expertise beyond that of the courts." *Leahy* v. *Local 1526, Am. Fedn. of State, County, & Mun. Employees, supra* at 349. The defendants' motion to dismiss should have been allowed. See *J. & J. Enterprises, Inc.* v. *Martignetti*, 369 Mass. 535, 540 (1976) ("Where the entire controversy is within the exclusive jurisdiction of an administrative agency, the doctrine [of primary jurisdiction] ordinarily results in dismissal of judicial proceedings begun without prior resort to the agency").[8]

3. *Disposition.* The judgment is vacated. A judgment dismissing the complaint shall enter.[9]

*So ordered.*

---

[8]In light of our ruling regarding primary jurisdiction, it is unnecessary to address the plaintiff's contention that the relief granted below was inadequate.

[9]We recognize that, in an action under G. L. c. 231A, the rights of the parties ordinarily should be declared. See *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977). Here, however, the court should not have entertained the declaratory judgment action at all.