Curran, Dennis J., J.
Introduction
Louis C. Hawkins alleges that his union has violated its duty of fair representation when it decided not to persist in his grievance after he was fired by the City of Cambridge. He has also lodged a charge containing the same gravamen with the Massachusetts Division of Labor Relations.
The union presently moves to dismiss the complaint for lack of jurisdiction because, by filing the same charge with a state agency with it still pending, Mr. Hawkins has failed to exhaust his administrative remedies before proceeding with this lawsuit.
DISCUSSION
Mr. Hawkins’s complaint filed with this Court mirrors the charge he has submitted with the Division of Labor Relations invoking, as it does the same legal theories and alleging the same set of facts. The division, a state agency whose mission is, inter alia, to decide precisely those issues as presented here by Mr. Hawkins, should have first crack at deciding his claim. In Leahy v. Local 1526, American Federation of State, County, and Municipal Employees, 399 Mass. 341, 347 (1987), although the court declared that the dispute in that matter “should [have] been presented in the first instance to the [Labor Relations] commission,” the Court did retain jurisdiction in that matter both because there was no factual issue in dispute and the union had conceded liability. With no factual issue for the state agency to decide, it was unnecessary to subject the matter to administrative determination, as no application of specialized knowledge and expertise was necessary.
Here, no agreement exists as to the facts. This case is more akin to Johnson v. School Committee of Watertown, 404 Mass. 23 (1989), decided two years after Leahy, in which the Court dismissed the case for determination by the state agency because there were indeed genuine issues of material fact, triggering the need for the commission’s expertise.
Both the law and public policy demand that the Courts defer to administrative agencies for their determination, absent statutory directive otherwise. See Wilczewski v. Commissioner of the Department of Environmental Quality Engineering, 404 Mass. 787, 792 (1989). Simply put, the Court should be the last place for dispute resolution — not the first.
Public policy considerations support such an approach: (1) the courts should attempt to defer to the presumed specialized knowledge and expertise of the state agency; (2) we should not engage in judicial overreaching; and (3) we avoid undercutting the authority of an administrative agency. And the Court would be the better for it: by doing so, we eschew deciding cases in a public policy arena in piecemeal fashion, and we promote judicial economy.
The interests of all parties here are best served by permitting the Division of Labor Relations adjudicatory process to proceed unfettered; judicial intervention is unwarranted.
The defendants’ motion to dismiss on jurisdictional grounds is, therefore, allowed.
ORDER
For these reasons, the defendants’ motion to dismiss is hereby ALLOWED. Judgment shall enter forthwith in their behalf.