Brieger, Heidi E., J.
INTRODUCTION
This action arises from the construction of a monument in Kennedy Park in Lenox, Massachusetts (“Lenox” and the ‘Town”), which Plaintiffs claim was in violation of the Scenic Mountain Act, which was adopted by Lenox Town Meeting pursuant to the Protection of Watershed Resources and Preservation of Natural Scenery in the Berkshire Mountains, G.L.c. 131, §39A (the “SMA”). After the monument was built, the Lenox Conservation Commission issued an order of conditions permitting construction of the monument. The plaintiffs, twenty Lenox residents, instituted this action seeking to restrain the Town of Lenox from violating the SMA by permitting construction of the monument. Before the court are motions to dismiss from defendant Town of Lenox and defendant Martha Coakley, Attorney General of the Commonwealth. For the reasons that follow, both motions are ALLOWED.
BACKGROUND
At all relevant times, Lenox had voluntarily adopted the provisions of the SMA. Michael Fieldman approached the Lenox Board of Selectmen (the “Board”) for permission to erect a monument, at his own expense, to his deceased son in Kennedy Park, an area of Lenox subject to regulation by the SMA. The Board agreed and the monument was built, without review by the Town’s Conservation Commission (the “Commission”), as required by the SMA.
Plaintiffs contacted the Board and pointed out that the monument had been built in violation of the SMA, and demanded its removal. The Board responded by filing a notice of intent with the Commission. Thereafter, the Commission held a public hearing in which Plaintiffs participated. The Commission issued an order of conditions allowing construction of the already-constructed monument. Plaintiffs did not appeal the order of conditions to the Department of Conservation and Recreation (“DCR”), as provided in Section 9.2 of the SMA, but instead instituted this action in Superior Court pursuant to Section 11.5 of the SMA to restrain what Plaintiffs contend was a statutory violation. In the instant action, Plaintiffs also include claims under the Massachusetts Tort Claims Act and for public nuisance.
DISCUSSION
A. Relevant Provisions of the SMA
The SMA establishes a detailed structure of administrative remedies for grievances of the type outlined in Plaintiffs’ Complaint. As adopted in Lenox, the SMA provides that the Commission is the municipal authority charged with initial review of proposed construction in the geographic areas governed by the SMA. SMA, §1.1. If a party is aggrieved by a decision of the Commission, an appeal may be taken to the DCR within ten days. SMA, §9.1-2. A further appeal from any DCR decision may be taken under G.L.c. 30A, and that “right[ ] of appeal shall be exclusive.” SMA, §9.8. These administrative remedies mirror those provided in the Protection of Flood Plains, Seacoasts and Other Wetlands, known as the ‘Wetlands Act,” G.L.c. 131, §40, which follows the SMA in the Massachusetts General Laws, and which, substantively, is its close cousin.
Section 11 of the SMA is entitled “VIOLATIONS AND ENFORCEMENT,” providing that, “[a]ny person . . . who ... acquires land upon which an activity has been done in violation of [the SMA] or in violation of an order issued under [the SMA], shall forthwith comply with the order.” SMA, §11.1. Section 11.2 confers upon the Commission power to enter upon private land to carry out the SMA, and to issue cease and desist orders to persons found in violation thereof. Section 11.3 empowers the Commission to modify or revoke orders of conditions.
Section 11.5 provides that, “[a]ny court having equity jurisdiction may restrain a violation of this section and enter such orders as it deems necessary to remedy such violations, upon the petition of... any ten residents of the Commonwealth.” (Emphasis added.) Plaintiffs bring the instant action under the provisions of Section 11.5.
B. The Plaintiffs Fail to State a Claim Because They Have Not Exhausted Administrative Remedies
1. The Design of the SMA Suggests a Legislative Intent to Require Exhaustion of Administrative Remedies
Section 5 of the SMA establishes procedures for filing notices of intent before the Commission to seek *324 a determination of whether the SMA permits or prohibits proposed construction. Section 7 of the SMA designates procedures by which the Commission shall hold hearings on those notices of intent. Section 8 of the SMA designates procedures by which the Commission shall issue orders of conditions regarding construction proposed in a notice of intent. This elaborate structure of administrative review would be redundant if, at the conclusion of that process, ten residents of the Commonwealth were free to disregard it in favor of relitigating the applicability of the SMA in a judicial action. More importantly, Section 9.8 explicitly provides that the right of appeal from the DCR to the Superior Court pursuant to c. 30Ais “exclusive.” If ten residents of the Commonwealth had the right to institute judicial proceedings under the SMA, without exhausting administrative remedies, the right of appeal in Section 9.8 would not be “exclusive,” as those ten residents could circumvent that exclusivity by bringing an action in Superior Court to restrain alleged violations of the SMA.
Because statutes are to be construed “in harmony with other related statutes and rules so as to give rise to consistent body of law,” Commonwealth v. Welch, 444 Mass. 80, 87 (2005), and cases cited, abrogated on other grounds, O’Brien v. Borowski, 461 Mass. 415, 425 (2012), this court concludes that exhaustion of administrative remedies is required before commencing a judicial action under Section 11.5.[3]
2. The Other Provisions of Section 11 Are Concerned with Enforcement, Not Adjudication
Section 11 is largely designed to confer various powers and authorities on the Commission to address violations of the SMA. Seen in this light, this court concludes that the purpose of Section 11.5 is to confer authority on ten residents of the Commonwealth to pursue a judicial action to restrain already-adjudicated violations of the SMA, not to seek a parallel adjudication outside the administrative structure provided in Section 9 of the statute.
Section 11,5’s reference to “any court having equity jurisdiction” bolsters this interpretation. Section 11 confers a variety of powers on the Commission to enforce the SMA, but it does not give to the Commission the power to issue injunctive relief enforceable by a finding of criminal contempt. That authority rests with courts holding equity jurisdiction. Thus, Section 11.5 is best construed as bestowing the right to seek the aid of the courts, with their concomitant injunctive and contempt powers, in restraining what administrative authorities have already determined to be violations of the SMA.
3. The Wetlands Protection Act Requires Exhaustion of Administrative Remedies Before Ten Residents May Pursue a Judicial Action
Like the SMA, the Wetlands Protection Act (“WPA”) provides for “an administrative scheme of relief,” as well as authority for ten residents of the Commonwealth to pursue judicial relief. Wilczewski v. Cornm’r ofDep’t ofEnvir. Quality Eng’g, 404 Mass. 787, 791 (1989). “The [WPA], G.L.c. 131, §40, provides that no person may interfere with wetlands without filing a notice of intention to do so with the local conservation commission. The statute structures a system of review by the commission and [Department of Environmental Quality Engineering] designed to promote protection of [local environmental] interests.” Id. The administrative scheme under the WPA is very similar to that created under the SMA. Id. at 791-92.
Notwithstanding the tension between the right to seek administrative relief and the right to pursue a judicial action under the WPA, the rule remains that “administrative remedies should be exhausted before resort to the courts.” Id. at 792. ‘To permit judicial interference with the orderly administration by the [Commission and DCR] of matters entrusted to it by the Legislature before it has commenced to exercise its authority in any particular case or before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to [those agencies], and would result in the substitution of the judgment of the court for that of the [agencies].” Id.
Since the SMA is structurally analogous to the WPA, the same result should follow. Having failed to exhaust their administrative remedies by not pursuing an appeal to the DCR, Plaintiffs may not now ask this court to displace the role commended to the DCR, in determining whether the Commission was correct in adjudicating how the SMA applied to the monument.
C. Remaining Claims and Arguments
1. Massachusetts Tort Claims Act and Nuisance
Plaintiffs’ claims under the Massachusetts Tort Claims Act (“MTCA”), and their action for public nuisance, are dismissed for failure to state claims for which relief may be granted. Mass.R.Civ.P. 12(b)(6). In essence, Plaintiffs suggest that because the SMA authorizes them to pursue judicial relief to restrain violations of the SMA, they are likewise authorized to pursue other statutoiy or common-law claims arising from those alleged violations. First, for the reasons herein, the SMA does not authorize this action. Second, even if it did, the SMA does not enlarge rights of action under other statutes, like the MTCA, or modify the requirements for common-law claims such as public nuisance. With respect to the MTCA claim, intentional torts are not actionable under the MTCA. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 285-86 (1985). With respect to Plaintiffs’ public nuisance claim, they have not, and cannot, show that the monument “has caused some special injury of a direct and substantial character other than what the general public shares.” Sullivan v. CJAM of Trial Court, *325 448 Mass. 15, 34-35 (2006). These two claims therefore fail as a matter of law.
2. Attorney General
The Attorney General’s Motion to Dismiss is meritorious. Plaintiffs suggest that because this court may find facts or make rulings of law that tend to establish criminal violations of the SMA by Lenox officials, the Attorney General is a necessary party to this action. Accepting that suggestion would intrude improperly upon the prosecutorial discretion vested in the Executive Branch, thereby undermining the Attorney General’s well-established, independent, prosecutor-ial discretion.
CONCLUSION AND ORDER
The Motions to Dismiss are, in all respects, ALLOWED.

Nhat the Town submitted its notice of intent and the Commission issued a notice of conditions after the monument was built does not change this result. The examples provided in the Town’s Memorandum of Law establish that administrative authorities occasionally review construction projects post hoc. The Town asserts that a post-construction approval process is “routine” in the land use context. It is troubling, however, that the Town did not seek the Commission’s approval prior to construction of the monument when it appears the clear purpose of the SMA is to ensure public participation in decision making about such structures on lands subject to SMA regulation prior to construction. Notwithstanding the court’s dismissal of this action for failure to exhaust administrative remedies as set out herein, the Town and the Commission would be well-advised to avoid such post hoc decisions under the SMA to give force and legitimacy to the preamble to the Town’s Regulations as approved on May 2, 1975, and amended on December 18, 1985, providing that: [ajchvities that alter the natural characteristics of mountaintops and steep slopes may irreversibly change these environmentally sensitive areas . . . The intent of these regulations is to review Owner applications to conduct activities with the goal of avoiding or minimizing or mitigating the impact of proposed activities ... If a mountain, a steep slope, or a ridgeline is to be altered, the regulations that follow provide both protection for the regulated scenic areas and due process for those who propose changes. The Conservation Commission carries responsibility for these regulations. SMA, Preamble (emphasis added).